BROWN, Chief Judge.
|, The Town of Jonesboro, Mayor Leslie Thompson, and Board of Aldermen members Lastevic Cottonham, Devin Flowers, and Charla Thompson (all referred to as “the Town”), appeal from a judgment granting a preliminary injunction enjoining any expenditures under Ordinance numbers 700 and 701. The trial court found that the mayor and board members violated provisions of the Louisiana Local Government Budget Act (“LLGBA”), La. R.S. 39:1301, et seq., as to the adoption of these Ordinances. The court imposed a preliminary injunction against the town, the may- or and the counsel members enjoining *211 them from making any expenditures under Ordinance numbers 700 and 701. We affirm.

Facts and Procedure

La. R.S. 39:1305 provides:
A. Each political subdivision shall cause to be prepared a comprehensive budget presenting a complete financial plan for each fiscal year for the general fund and each special revenue fund.
B. The chief executive or administrative officer of the political subdivision or, in the absence of such positions, the equivalent thereof shall prepare the proposed budget.
C. The budget document setting forth the proposed financial plan for the general fund and each special revenue fund shall include the following:
(1) A budget message signed by the budget preparer which shall include a summary description of the proposed financial plan, policies, and objectives, assumptions, budgetary basis, and a discussion of the most important features.
(2)(a) A statement for the general fund and each special revenue fund showing the estimated fund balances at the beginning of the year; estimates of all receipts and revenues to be received; revenues itemized by source; recommended expenditures itemized by agency, department, function, and character; other financing sources and uses by source and use; and the estimated |2fund balance at the end of the fiscal year. Such statements shall also include a clearly presented side-by-side detailed comparison of such information for the current year, including the fund balances at the beginning of the year, year-to-date actual receipts and revenues received and estimates of all receipts and revenues to be received the remainder of the year; estimated and actual revenues itemized by source; year-to-date actual expenditures and estimates of all expenditures to be made the remainder of the year itemized by agency, department, function, and character; other financing sources and uses by source and use, both year-to-date actual and estimates for the remainder of the year; the year-to-date actual and estimated fund balances as of the end of the fiscal year; and the percentage change for each item of information. (2)(b) School boards shall itemize revenues and expenditures in accordance with guidance provided by the State Department of Education.
(2)(c) If, upon the request of the governing authority, the political subdivision fails to submit its budget document showing the information concerning revenue sources as mandated by this Subsection, the governing authority shall not appropriate any general funds to such political subdivision.
D.A budget proposed for consideration by the governing authority shall be accompanied by a proposed budget adoption instrument. The budget adoption instrument for independently elected parish offices shall consist of a letter from the independently elected official authorizing the implementation of the adopted budget. The budget adoption instrument for any municipality, parish, school board, or special district shall be an appropriation ordinance, adoption resolution, or other legal instrument necessary to adopt and implement the budget document. The adoption instrument shall define the authority of the chief executive and administrative officers of the political subdivision to make changes within various budget classifica *212 tions without approval by the governing authority, as well as those powers reserved solely to the governing authority.
E. The total of proposed expenditures shall not exceed the total of estimated funds available for the ensuing fiscal year.
La. R.S. 39:1309(A) requires that action necessary to adopt and otherwise finalize and implement the budget for a fiscal year shall be taken in open meeting and completed before the end of the prior fiscal year. The ^adopted budget shall be balanced with approved expenditures not exceeding the total of estimated funds available and shall contain the same information as that required for the proposed budget according to La. R.S. 39:1305(0 for the proposed budget.
The Town did not timely adopt a budget for the fiscal year July 1, 2010, to June 30, 2011. Thus, the Town was noncompliant. In September 2010, the Town finally adopted Ordinance 575, a budget for the fiscal year ending June 30, 2011. As admitted by the mayor, this September 2010 budget was not balanced as expenditures exceeded revenues.
Later in the fall of 2010, Lastevic Cot-tonham, Devin Flowers, and Charla Thompson were elected to the Board of Aldermen. Following their taking office, in January 2011, the Town published a notice about a public meeting to be held on February 8,- 2011, to discuss amendments to the budget, which would be designated as Ordinance 700 and Ordinance 701, to increase the mayor’s salary. Ordinance 701 provided that the mayor’s salary “shall be $60,000 per year during his or her first term in office and $70,000 per year during his or her second and all subsequent consecutive terms of office.” The mayor first took office in 2007.
On February 11, 2011, plaintiffs, Donald Essmeier, Dalton Cruse, and James Schmidt, sued the Town to enjoin it from amending the budget or increasing the mayor’s pay. The parties agreed to delay the vote and that the Town would re-advertise the ordinances for a public hearing and meeting on March 8, 2011. Ordinance 700 was adopted at the March 8, 2011, meeting. The record shows that Ordinance 700 did not provided for a balanced |4budget. Total estimated revenues and other financing sources were $2,805,566, whereas total estimated expenditures were $3,039,702. Thus, an amendment to the ordinance was made which added expected revenues of $232,301. The three newly elected board members, Aldermen Cottonwood, Flowers and Thompson, voted for the Ordinance 700 as amended while Aldermen Samuel Lamkin and Renee Stringer voted against. There was nothing recorded concerning Ordinance 701; however, the minutes state that it was adopted.
Earline Knox, an assistant to the mayor, and Melba Holland, the town clerk, testified that they were expecting the added funds. The mayor said that the funds would primarily come from the state, money previously withheld because of the Town’s failure to obtain an unqualified audit report. These funds were stated to be $176,301. The mayor also testified that the last unqualified audit result was in 2007, and since he became mayor, the town had never received an unqualified audit opinion. The mayor testified that all audit reports since he became mayor contained a disclaimer.
On March 28, 2011, plaintiffs filed another suit against the Town to enjoin it from making any expenditures under the ordinances and to have the ordinances declared illegal, null, and of no effect. They alleged that the mayor and board mem *213 bers, by voting for Ordinance 700, had violated a number of provisions of the LLGBA. Plaintiffs complained of discrepancies between what was proposed and what passed as the amended budget, and they made numerous allegations about the unsound financial condition of Jonesboro. In addition to injunctive and declaratory relief, plaintiffs sought |sto have the mayor and three board members individually cast with attorney fees and court costs for voting for Ordinance 700, knowing that it violated the LLGBA.
Following a three-day trial conducted over several weeks, the trial court found that the mayor and board members violated La. R.S. 39:1305, 39:1308, 39:1309, 39:1310, and 39:1311 of the LLGBA and granted a preliminary injunction enjoining the Town from making any expenditures under the ordinances. The court ordered plaintiffs to post a bond in the amount of $1,000. It denied the request for attorney fees but ordered defendants to pay all court costs. Finally, the trial court denied exceptions of res judicata, no right of action, no cause of action and a motion to strike that had been filed by the Town.
In its written reasons for judgment, the trial court made the following findings in support of its decision to grant the preliminary injunction:
(1) Mayor Thompson violated La. R.S. 39:1309(A) because the 2010/2011 budget was not adopted until September 2010.
(2) Ordinance 701 was not available for public inspection prior to the March 8, 2011, meeting. Board members testified that they did not know what the proposed ordinance contained until they received a handwritten document by May- or Thompson in their packet at the meeting.
(3) Ordinance 700 was a budget rather than an amended budget. Thus, it violated La. R.S. 39:1305(A), which prohibits a town from having two budgets in a fiscal year.
(4) Ordinance 700 violated La. R.S. 39:1309(B) because it was not a balanced budget. The budget had a deficit of $204,136.
(5) Mayor Thompson violated La. R.S. 39:1305(E) by knowingly and intentionally preparing and presenting an unbalanced budget, and the three board members violated the same provision by passing the unbalanced budget.
|fiThe Town filed a writ, but because a judgment granting a preliminary injunction is an appealable judgment, it was converted to an appeal and remanded for perfection.

Discussion

The Mayor’s testimony

On April 28, 2011, Mayor Thompson testified that he had been the mayor for approximately 4½ years. He stated as follows:
Q. When was the last time the Town of Jonesboro had an unqualified audit?
A. The last audit we had was in '07 where there was not a disclaimer.
A disclaimer is a non opinion and in this case, specifically stated that “[T]he Town did not maintain adequate records of disbursements, reconciled bank accounts, or accounts receivables or payable, nor were all transactions entered into the accounting records. The Town’s records do not permit the application of adequate auditing procedures. Because of the limitations described above we are unable to express and do not express an opinion on the Town’s financial statements as listed in the table of contents.”[1]
*214 The mayor testified that the budget passed in September 2010 was not balanced. He further stated that in January 2011 he published and opened for public discussion on February 8, 2011, “a modified version of the budget.” Based on plaintiffs’ lawsuit, he agreed to re-advertise that budget, |7Ordinance 700, for a public hearing on March 8, 2011. He admitted that this proposed budget showed a deficit of $204,136. The Ordinance was adopted on March 8, 2001. Thereafter, Ordinance 700 was amended to add revenues of $232,000 to balance the budget.

Exceptions

Defendants complain that the trial court erred in overruling their exceptions of res judicata, no cause of action, and no right of action. The record does not disclose that defendants filed an exception of res judicata. Even so, the initial suit and settlement do not support a claim of res judicata as to the instant suit, which seeks relief from the adoption of Ordinances 700 and 701 at the March 8, 2011, meeting of the board. We also find no error in the denial of the exceptions of no cause of action and no right of action. Plaintiffs, all Jonesboro residents, filed suit as allowed under La. R.S. 39:1315(B), which provides that “any person” may commence a suit in a court of competent jurisdiction for the parish in which the political subdivision is domiciled for mandamus, injunctive, or declaratory relief to require compliance with the LLGBA. Plaintiffs have both a right of action and a cause of action under this provision.

Budget

The LLGBA sets forth the minimum standards which a political subdivision must satisfy in adopting its budget. La. R.S. 39:1303(A). Each political subdivision is required to prepare a comprehensive budget for each fiscal year. La. R.S. 39:1305(A). All action necessary to adopt, finalize, and | ^implement the annual budget is to be completed before the end of the prior fiscal year. La. R.S. 39:1309(A).
As noted previously, the Town adopted its budget for the 2010-2011 fiscal year on September 14, 2010. Thus, the Town was not in compliance.
Much of this trial focused on whether Ordinance 700 was a second budget, as alleged by plaintiffs, or an amended budget, as contended by defendants. The trial court states in its written reasons that La. R.S. 39:1305(A) prohibits a political subdivision from having two budgets in a fiscal year. However, nothing in La. R.S. 39:1305(A) addresses a “second budget;” it merely requires a political subdivision to prepare a budget for each fiscal year.
The record shows that Ordinance 700 amended Ordinance 575 to provide for a budget of expenditures and revenues. The caption reads:
AN ORDINANCE AMENDING ORDINANCE #575 TO ADJUST AND PROVIDE FOR A BUDGET OF REVENUE AND EXPENDITURES FOR THE TOWN OF JONESBORO FOR THE FISCAL YEAR 2010-2011.
SECTION 1. BE IT ORDAINED BY THE MAYOR AND BOARD OF ALDERMEN of the Town of Jonesboro, Louisiana in regular session on March 8, 2011, that the existing town’s budget adopted September 14, 2010, be and the same is hereby amended to reflect the following budget of estimated receipts *215 and expenditures for the Town of Jonesboro, Louisiana for the fiscal year 2010-2011, be the same is hereby fixed and established by law. (Emphasis added).
Ordinance 700 was a complete budget. It did not amend specific items but set forth a list of all estimated revenues and expenditures. It was clearly a substitute budget and subject to the rules set forth in La. R.S. 39:1305.
Even if, as argued by defendants, we could consider this an amended budget, La. R.S. 39:1310(A) is applicable:
| flWhen the governing authority has received notification pursuant to R.S. 39:1311, or there has been a change in operations upon which the original adopted budget was developed, the governing authority shall adopt a budget amendment in an open meeting to reflect such change ... In no event shall a budget amendment be adopted proposing expenditures which exceed the total of estimated funds available for the físcal year. (Emphasis added).
In this case, Ordinance 700 contained a list of estimated revenues and estimated expenditures. This ordinance was drafted in January and March of 2011, seven and nine months into the fiscal year. This violated the LLGBA as follows: Such statements shall also include a clearly presented side-by-side detailed comparison of such information for the current year, including the fund balances at the beginning of the year, year-to-date actual receipts and revenues received and estimates of all receipts and revenues to be received the remainder of the year; estimated and actual revenues itemized by source; year-to-date actual expenditures and estimates of all expenditures to be made the remainder of the year.
Further, Ordinance 700 as first passed and as amended was not in balance. The amended part used expected revenues from the state that the Town knew it would not receive. As the mayor testified, the revenues were not paid because the Town could not receive an unqualified audit report; specifically, during his administration, the Town had always received disclaimers. It was inappropriate to count these funds as receivables.
La. R.S. 39:1315 provides:
A. Except as provided in R.S. 39:1314, any public official or officer that violates, either knowingly or intentionally, the provisions of R.S. 39:1305(E), either through the adoption of an original budget or through amendment to a legally adopted budget, shall be a violation of R.S. 14:134 and shall be subject to the penalties contained therein.
ImB. Any person may commence a suit in a court of competent jurisdiction for the parish in which the political subdivision is domiciled for mandamus, injunc-tive, or declaratory relief to require compliance with the provisions of this Chapter.
Thus, plaintiffs’ action for injunctive relief was proper, and we affirm the trial court’s grant of such relief.
AFFIRMED.
STEWART, J., dissents with written reasons.
LOLLEY, J., dissents.

. The mayor testified that since he became mayor, the Town received disclaimers on all *214 its audits. The disclaimer quoted above came from the companion and consolidated case of State of Louisiana through James D. "Buddy” Caldwell v. Town of Jonesboro, et al., 108 So.3d 217 (La.App. 2 Cir.2012), wherein a fiscal administrator was appointed for the Town and preliminary injunctions were issued.